

FILED by __KS__ D.C.

Jul 29, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

## 21-20405-CR-MIDDLEBROOKS/MCALILEY

CASE NO.: _____

18 U.S.C. § 1349
18 U.S.C. § 1341
18 U.S.C. § 1343
15 U.S.C. § 77q(a)
15 U.S.C. § 77x
18 U.S.C. § 1956(h)
18 U.S.C. § 1956(a)(1)(B)(i)
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(1)

UNITED STATES OF AMERICA

vs.

JOHN ALEXANDER VAN AREM,
     a/k/a "John Alex Van Arem,"
     a/k/a "Lex Van Arem,"
ANTHONY GRAEME GOLDSTEIN,
LYNN RICHARD HINDS,
     a/k/a "Richard Hinds,"
DONOVON T. STILTNER,
     a/k/a "Donovan Stiltner,"
IGOR JAMES WEISBROT,
     a/k/a "Erik J. Weisbrod,"
     a/k/a "James Weiss,"
     a/k/a "James Igor Weiss,"
WAYNE SCOTT SIMPSON,
     a/k/a "Scott Simpson," and
STANLEY HERBERT JOHNSON,
     a/k/a "Arthur Watson,"

                    **Defendants.**

_____/

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At various times material to this Indictment:

### Entities

1.      LottoNet Operating Corp. ("LottoNet") was a Delaware corporation, incorporated on or about May 18, 2015.  LottoNet had its principal place of business in Broward County, Florida.  On or about March 1, 2019, the State of Delaware administratively terminated LottoNet's existence.

2.      Thunderbird Power Corp. ("Thunderbird") was an Arizona corporation, incorporated on or about May 12, 2015.

3.      Everclear Internet, Inc. ("Everclear Internet") was a Nevada corporation, incorporated on or about August 16, 2005.  On or about August 31, 2017, the State of Nevada revoked Everclear Internet's incorporation.

4.      Arizona Prep, L.L.C., a/k/a "AZ Prep" ("AZ Prep") was an Arizona limited liability company, organized on or about April 18, 2006.

5.      Motivating Minds, LLC ("Motivating Minds") was a Texas limited liability company, formed on or about May 31, 2006, and reinstated on or about July 27, 2016.  On or about January 26, 2018, the State of Texas forfeited Motivating Minds' charter, certificate, and registration.

6.      ISLG Marketing Incorporated ("ISLG Marketing") was a Florida corporation, incorporated on or about August 1, 2011, with its principal place of business stated to be located in Miami-Dade County, in the Southern District of Florida.  On or about September 27, 2019, the State of Florida administratively dissolved ISLG.

7.      Beacon Digital Solutions Inc. ("Beacon Digital Solutions") was a Nevada corporation, incorporated on or about September 13, 2011.  On or about September 30, 2019, the State of Nevada permanently revoked Beacon Digital Solution's incorporation.

8.      Bacchus Capital Group, Inc. ("Bacchus Capital Group") was a Florida corporation, incorporated on or about May 15, 2014, with its principal place of business stated to be located in Broward County, in the Southern District of Florida.  On or about September 22, 2017, the State of Florida administratively dissolved Bacchus Capital Group.

9.      Realty Data Services, LLC ("Realty Data Services") was a Florida limited liability company organized on or about March 7, 2017, with its principal place of business stated to be located in Broward County, in the Southern District of Florida.  On or about September 28, 2018, the State of Florida administratively dissolved Realty Data Services.

10.     Organic Green Capital Ltd. ("Organic Green Capital") was a Canadian corporation.

### Defendants

11.     Defendant **JOHN ALEXANDER VAN AREM, a/k/a "John Alex Van Arem," a/k/a "Lex Van Arem,"** was an individual who resided in the Province of Ontario, Canada.  **VAN AREM** was an officer and director of Beacon Digital Solutions.

12.     Defendant **ANTHONY GRAEME GOLDSTEIN** was an individual who resided in the Province of Ontario, Canada.  **GOLDSTEIN** was President and a director of Thunderbird.

13.     Defendant **LYNN RICHARD HINDS, a/k/a "Richard Hinds,"** was an individual who resided in the State of Arizona.  **HINDS** was Chief Executive Officer, Secretary, and a director of Thunderbird, a member and the statutory agent of Arizona Prep, and a member and director of Motivating Minds.

14.     Defendant **DONOVON T. STILTNER, a/k/a "Donovan Stiltner,"** was an individual who resided in Miami-Dade County, Florida, and the State of Ohio. **STILTNER** was Investor Relations Manager of Thunderbird, and Chief Executive Officer and Registered Agent of ISLG.

15.     Defendant **IGOR JAMES WEISBROT, a/k/a "Erik J. Weisbrod," a/k/a "James Weiss," a/k/a "James Igor Weiss,"** was an individual who resided in Broward County, Florida. **WEISBROT** was the President, Treasurer, and Registered Agent of Bacchus Capital Group.

16.     On or about May 5, 1993, the National Association of Securities Dealers, Inc., District Business Conduct Committee for District No. 10 (the "NASD") filed Complaint No. C10930037 against **IGOR JAMES WEISBROT**, named in the complaint as **James Igor Weiss**. The complaint alleged that **WEISBROT** violated the NASD's Rules of Fair Practice when he sold common stock to public customers at prices that were unfair and unreasonable in that the total markup charged represented approximately fifty percent (50%) of the total cost to the customer. On or about October 25, 1993, the NASD issued its Decision regarding Complaint No. C10930037, wherein the NASD found that **WEISBROT** had violated Article III, Sections 1 and 4 of its Rules of Fair Practice, and ordered him to pay a fine of $2,500 and disgorge commissions of $14,280.    On or about February 2, 1994, the NASD revoked **WEISBROT's** registration because he failed to pay fines and/or costs imposed in Complaint No. C10930037.

17.     Defendant **WAYNE SCOTT SIMPSON, a/k/a "Scott Simpson,"** was an individual who resided in Broward County, Florida. **SIMPSON** was the manager, registered agent, and a member of Realty Data Services.

18.     On or about August 3, 2015, in *United States v. Wayne Scott Simpson, et al.*, Case No. 14-20599-CR-SJM, in the United States District Court for the Eastern District of Michigan, **WAYNE SCOTT SIMPSON** pled guilty to one count of conspiracy to commit wire and mail fraud, in violation of Title 18, United States Code, Section 1349.  In his Plea Agreement, **SIMPSON** agreed and admitted to various facts, including: (1) he had agreed to participate in a telemarketing fraud scheme in which victims were lured into purchasing residential properties in Detroit, Michigan, and elsewhere, based upon false representations and pretenses; (2) from December 2012 through July 2013, he worked at a telemarketing scheme's call center, where he made initial sales pitches to victims of the fraud scheme; and (3) he used the alias "Scott Green" when communicating with victims of the fraud scheme.

19.     Defendant **STANLEY HERBERT JOHNSON, a/k/a "Arthur Watson,"** was an individual who resided in the State of California.

20.     On or about January 12, 2009, in *State of Alabama v. Johnson*, Case No. CC 08-359, in the Circuit Court of Shelby County, Alabama, **STANLEY HERBERT JOHNSON** pled guilty to one count of Misrepresentation in Offer and/or Sell of Securities, in violation of Section 8-6-17(a)(2), Alabama Code, a Class C Felony.  On or about June 9, 2010, the Circuit Court of Shelby County, Alabama, entered a Felony Adjudication & Sentencing Order in Case No. CC 08-359, adjudicating **JOHNSON** guilty of Misrepresentation in Offer and/or Sell of Securities, a Class C Felony, and imposing reverse split sentence, which included a term of five years' supervised probation.

21.     On or about May 15, 2009, in *Securities and Exchange Commission v. Stanley Johnson, et al.*, Case No. 07-01140-Civ-DOC (JTLx), in the United States District Court for the Central District of California, the District Court entered a Revised Final Judgment (herein referred

to as the "Revised Final Judgment"), which, among other things, permanently restrained and enjoined **STANLEY HERBERT JOHNSON** from violating Title 15, United States Code, Sections 77q(a) and 78j(b), and 17 C.F.R. Section 240.10b-5.

22.     **Individual 1** was an individual who resided in Broward County, Florida, in the Southern District of Florida.  **Individual 1** was the President and Chief Executive Officer of LottoNet.

### Financial Institutions

23.     Bank of America, N.A. ("Bank of America"), Banc of California, N.A. ("Banc of California"), JPMorgan Chase Bank, N.A. ("Chase Bank"), First Financial Bank, N.A. ("First Financial Bank"), Regions Bank, and Wells Fargo Bank, N.A. ("Wells Fargo Bank"), were banks whose deposits were insured by the Federal Deposit Insurance Corporation ("FDIC") in accordance with Chapter 16, Title 12, United States Code, and were "insured banks" as defined in Title 12, United States Code, Section 1813(h).  Accordingly, Bank of America, Banc of California, Chase Bank, First Financial Bank, Regions Bank, and Wells Fargo Bank were "financial institutions" as defined in Title 31, United States Code, Section 5312(a)(2)(A), and Title 18, United States Code, Section 1956(c)(6)(A).

### Bank Accounts

24.     **LYNN RICHARD HINDS** opened a Wells Fargo Bank account ending in 2681, in the name of Thunderbird ("account no. 2681").  **HINDS, JOHN ALEXANDER VAN AREM,** and **ANTHONY GRAEME GOLDSTEIN** were signatories for account no. 2681.

25.     **LYNN RICHARD HINDS** and **ANTHONY GRAEME GOLDSTEIN** opened a Bank of America account ending in 0920, in the name of Thunderbird ("account no. 0920"). **HINDS** and **GOLDSTEIN** were signatories for account no. 0920.

6

26.     **LYNN RICHARD HINDS** opened Bank of America accounts ending in 0217 and 0204, in the joint names of AZ Prep and L. Richard Hinds ("account nos. 0217 and 0204"). **HINDS** was a signatory for account nos. 0217 and 0204.

27.     **JOHN ALEXANDER VAN AREM** opened two Wells Fargo Bank accounts ending in 3241 and 4595, in the name of Beacon Digital Solutions ("account nos. 3241 and 4595"). **VAN AREM** was the sole *de facto* signatory for account nos. 3241 and 4595.

28.     **ANTHONY GRAEME GOLDSTEIN** opened a Wells Fargo Bank account ending in 0973, in the name of Everclear Internet ("account no. 0973"). **GOLDSTEIN** was the sole signatory for account no. 0973.

29.     **JOHN ALEXANDER VAN AREM** and/or **ANTHONY GRAEME GOLDSTEIN** utilized a Bank of Montreal account ending in 2220, in the name of Organic Green Capital ("account no. 2220").

30.     **DONOVON T. STILTNER** opened a Wells Fargo Bank account ending in 6662, in the name of ISLG Marketing ("account no. 6662"), and a First Financial Bank account ending in 5523, in the name of ISLG Marketing ("account no. 5523").

31.     **IGOR JAMES WEISBROT** opened a Regions Bank account ending in 2960, in the name of Bacchus Capital Group ("account no. 2960"). **WEISBROT** was the sole signatory for account no. 2960.

32.     **WAYNE SCOTT SIMPSON** opened a JPMorgan Chase Bank account ending in 7573, in the name of Realty Data Services ("account no. 7573"). **SIMPSON** was the sole signatory for account no. 7573.

33.     **WAYNE SCOTT SIMPSON** opened a Regions Bank account ending in 6495, in the name of "Palm Beach Property Partners LLP" ("account no. 6495"); and he utilized a Regions

Bank account ending in 8898, in the name of "M.S." **SIMPSON** was the sole signatory for account

no. 6495.

34.     **STANLEY HERBERT JOHNSON** opened a Banc of California account ending

in 0862, in his own name. **JOHNSON** was the sole signatory for account no. 0862.

<u>**COUNT 1**</u>
**CONSPIRACY TO COMMIT MAIL FRAUD AND WIRE FRAUD**
**(18 U.S.C. § 1349)**

1.     The General Allegations section of this Indictment is hereby re-alleged and fully

incorporated herein by reference.

2.     From in or around June 2015, and continuing through in or around March 2019, in

Miami-Dade, Broward, and Palm Beach Counties, in the Southern District of Florida, and

elsewhere, the defendants,

**JOHN ALEXANDER VAN AREM,**
a/k/a "John Alex Van Arem,"
a/k/a "Lex Van Arem,"
**ANTHONY GRAEME GOLDSTEIN,**
**LYNN RICHARD HINDS,**
a/k/a "Richard Hinds,"
**DONOVON T. STILTNER,**
a/k/a "Donovan Stiltner,"
**IGOR JAMES WEISBROT,**
a/k/a "Erik J. Weisbrod,"
a/k/a "James Weiss,"
a/k/a "James Igor Weiss,"
**WAYNE SCOTT SIMPSON,**
a/k/a "Scott Simpson," and
**STANLEY HERBERT JOHNSON,**
a/k/a "Arthur Watson,"

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly

combine, conspire, confederate, and agree with each other and other persons known and unknown

to the Grand Jury to:

8

(a)      knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing such scheme and artifice to defraud, knowingly cause certain mail matter to be delivered by private and commercial interstate carrier, according to the directions thereon, in violation of Title 18, United States Code, Section 1341; and

(b)      knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice to defraud, knowingly transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

## PURPOSE OF THE CONSPIRACY

3.      It was a purpose of the conspiracy for the defendants and their co-conspirators to unjustly enrich themselves by defrauding and fraudulently obtaining money from investors by: (1) the preparation and distribution of private placement memoranda ("PPMs") and other materials regarding the offering for sale of unregistered common stock issued by LottoNet and Thunderbird, which contained materially false and fraudulent statements and omissions regarding, among other things, the use of the investors' funds; (2) the solicitation of funds from investors through the PPMs and other materially false and fraudulent statements and omissions, including the concealment and non-disclosure of the criminal, regulatory, and disciplinary histories of **IGOR JAMES**

WEISBROT, **WAYNE SCOTT SIMPSON**, and **STANLEY HERBERT JOHNSON**; (3) the sale of unregistered securities, that is common stock issued by LottoNet and Thunderbird, to unqualified investors; and (4) the misappropriation of investors' funds for their personal use and benefit.

<u>**MANNER AND MEANS OF THE CONSPIRACY**</u>

The manner and means by which the defendants and their co-conspirators sought to accomplish the purpose and objects of the conspiracy included, but were not limited to, the following:

I.    <u>**The LottoNet Operating Corp. Offering**</u>

4.    From in or around June 2015, and continuing through in or around March 2017, **JOHN ALEXANDER VAN AREM, ANTHONY GRAEME GOLDSTEIN, DONOVON T. STILTNER, IGOR JAMES WEISBROT**, and their co-conspirators offered for sale, and sold, shares of LottoNet common stock to investors in the United States and Canada (the "LottoNet offering").

5.    **JOHN ALEXANDER VAN AREM, ANTHONY GRAEME GOLDSTEIN**, and their co-conspirators prepared and caused to be prepared PPMs and other promotional materials, to be provided to prospective investors during the LottoNet offering.

6.    The LottoNet PPMs described LottoNet's business model as follows:

The Company specializes in providing easy and instant global access to all the major domestic US lotteries via its Internet enabled concierge service. This business model offers a consumer-centric experience with emphasis on avoiding lines and ensuring a customer never loses their winnings. LottoNet offers a one hundred percent customer satisfaction guarantee and allows players to order via website, app or toll free phone number.

7.    **JOHN ALEXANDER VAN AREM, ANTHONY GRAEME GOLDSTEIN**, and their co-conspirators made materially false and fraudulent statements to prospective investors

regarding: (1) LottoNet's use of the offering proceeds; (2) the net proceeds LottoNet would obtain from the offering; and (3) the expenses LottoNet would incur for the offering. Further, **VAN AREM, GOLDSTEIN, DONOVON T. STILTNER,** and their co-conspirators provided, and caused other persons to provide, prospective investors with PPMs, which contained the same false and fraudulent statements. The false and fraudulent statements included the following:

    a. net proceeds from the offering would be approximately $4,976,000;

    b. offering expenses would not exceed approximately $24,000;

    c. net offering proceeds would be used exclusively for LottoNet's business operations; and

    d. no commissions or any other form of remuneration would be paid on sales of LottoNet stock made directly to the public, by LottoNet.

8.    In addition to making the above-referenced false and fraudulent statements, **JOHN ALEXANDER VAN AREM, ANTHONY GRAEME GOLDSTEIN,** and their co-conspirators failed to disclose, and concealed, the following material facts from prospective investors in the LottoNet offering:

    a. prior to the LottoNet offering, **VAN AREM, GOLDSTEIN** and **Individual 1** had agreed and understood that approximately fifty percent (50%) of the LottoNet offering proceeds would be paid to **VAN AREM, GOLDSTEIN,** various brokers, and sales agents who would solicit prospective investors to purchase stock in the LottoNet offering;

    b. **Individual 1** and other co-conspirators would divert and misappropriate, and had diverted and misappropriated, offering proceeds, for their own use and benefit and for the benefit of **VAN AREM** and **GOLDSTEIN;** and

    c.  brokers and sales agents had been and would be paid substantial commissions.

9.    **JOHN ALEXANDER VAN AREM, ANTHONY GRAEME GOLDSTEIN, DONOVON T. STILTNER, IGOR JAMES WEISBROT**, and their co-conspirators raised approximately $4.9 million in offering proceeds through their false and fraudulent representations and misappropriated approximately $2.4 million of these proceeds, for their own use and benefit.

**II.    The Thunderbird Power Corp. Offering**

10.    From in or around July 2016, and continuing through in or around March 2019, the defendants, and their co-conspirators offered for sale, and sold, shares of Thunderbird common stock to investors in the United States and Canada (the "Thunderbird offering").

11.    **JOHN ALEXANDER VAN AREM, ANTHONY GRAEME GOLDSTEIN, LYNN RICHARD HINDS, DONOVON T. STILTNER**, and their co-conspirators prepared and caused to be prepared PPMs and other promotional materials, to be provided to prospective investors during the Thunderbird offering. **VAN AREM, GOLDSTEIN, HINDS, STILTNER**, and their co-conspirators prepared false and fraudulent PPMs describing three separate securities offerings of Thunderbird common stock and other securities:

    a.  The first Thunderbird PPM, dated July 11, 2016, regarding the "$5,010,000 offering of shares of common stock;"

    b.  The second Thunderbird PPM, dated December 27, 2016, regarding the "$5,010,000 offering of units," with each "unit" consisting of one share of common stock and a warrant; and

    c.  The third Thunderbird PPM, dated April 4, 2018, regarding the "$9,000,000 offering of shares."

12.     The Thunderbird PPMs described the Thunderbird business model as follows:

The Company is developing a utility-grade wind turbine (the "PowerStack Wind Turbine" or "PowerStack") for use on wind farms.  Wind farms are created when multiple wind turbines are placed in the same location for the purpose of generating large amounts of electrical power.

13.     **JOHN ALEXANDER VAN AREM, ANTHONY GRAEME GOLDSTEIN, LYNN RICHARD HINDS, DONOVON T. STILTNER,** and their co-conspirators made materially false and fraudulent statements to prospective investors regarding: (1) the legality of the Thunderbird offerings; (2) Thunderbird's use of the offering proceeds; (3) the net proceeds Thunderbird would obtain from the offerings; (4) the expenses Thunderbird would incur for the offering; (5) the technical capabilities of the PowerStack Wind Turbine; and (6) the management and control of Thunderbird.

14.     Further, **JOHN ALEXANDER VAN AREM, ANTHONY GRAEME GOLDSTEIN, LYNN RICHARD HINDS, DONOVON T. STILTNER,** and their co-conspirators provided, and caused other persons to provide, prospective investors with PPMs, executive summaries, business plans, press releases, and videos, which contained the same false and fraudulent statements.  The false and fraudulent statements in those materials included the following:

   a.  the shares and units were being offered to U.S. residents who were "accredited investors" (as defined in Regulation D under the Securities Act) pursuant to Regulation D, Rule 506(c), and to non-U.S. sophisticated investors who were able to evaluate the merits and risks, including illiquidity, of the investment pursuant to Regulation S;

   b.  net proceeds of the offering would be approximately $4,986,000 (first and second Thunderbird PPMs), and $8,976,000 (third PPM);

c. offering expenses would not exceed approximately $24,000;

d. net offering proceeds would be used exclusively for Thunderbird's business operations;

e. no commissions or any other form of remuneration would be paid on sales of Thunderbird stock made directly to the public, by Thunderbird;

f. "work recently performed on the PowerStack by multi-national giant Siemens has validated that the PowerStack is far and away the most efficient wind turbine technology in the world;"

g. "work performed by Siemens … confirmed that the PowerStack extracts more kinetic energy from wind than any other wind turbine technology on the market;"

h. "The tasks that Siemens have performed are considered analogous to physical wind tunnel testing and the results are considered solid.  This confirms that the PowerStack Wind turbine is the most efficient and cost efficient wind turbine technology on the market and will produce electricity at a tiny fraction of the cost of any other method, renewable or fossil;"

i. all decisions with respect to the management of Thunderbird would be made exclusively by its board of directors, consisting of **HINDS, GOLDSTEIN,** Individuals 2 and 3, and officers of the company appointed by the board.

15.     In addition to making the above-referenced false and fraudulent statements, **JOHN ALEXANDER VAN AREM, ANTHONY GRAEME GOLDSTEIN, LYNN RICHARD HINDS, DONOVON T. STILTNER,** and their co-conspirators failed to disclose, and concealed, the following material facts from prospective investors in the Thunderbird offering:

14

   a.  **VAN AREM, GOLDSTEIN**, and **HINDS** transferred approximately fifty percent (50%) of the Thunderbird offering proceeds from Thunderbird's Wells Fargo and Bank of America accounts to themselves directly and indirectly through entities they controlled, including Beacon Digital Solutions, AZ Prep, Motivating Minds, Everclear Internet, and Organic Green Capital;

   b.  **VAN AREM** used Beacon Digital Solutions' Wells Fargo Bank account to pay substantial commissions to brokers and sales agents who solicited prospective investors and persuaded them to purchase Thunderbird stock;

   c.  the offering expenses, including sales commissions, were approximately fifty percent (50%) of the gross proceeds of the Thunderbird offering; and

   d.  **VAN AREM, GOLDSTEIN**, and **HINDS** determined who served as directors and officers of Thunderbird; they had exclusive control of the proceeds Thunderbird received from the sale of its common stock in the Thunderbird offering; and **VAN AREM** had unfettered authority to transfer and withdraw proceeds from Thunderbird's Wells Fargo Bank accounts.

16.  The defendants and their co-conspirators raised approximately $1.9 million in offering proceeds through their false and fraudulent representations and misappropriated approximately $1.5 million of these proceeds, for their own use and benefit.

**III.   Sales Agents**

17.  **JOHN ALEXANDER VAN AREM, ANTHONY GRAEME GOLDSTEIN**, and **DONOVON T. STILTNER** recruited other persons to serve as brokers and sales agents in the LottoNet and Thunderbird offerings. **VAN AREM, GOLDSTEIN**, and **STILTNER** recruited **IGOR JAMES WEISBROT** to serve as a sales agent in the LottoNet and Thunderbird offerings

and **WAYNE SCOTT SIMPSON**, and **STANLEY HERBERT JOHNSON** in the Thunderbird offering.

18.      When contacting and communicating with prospective investors, **IGOR JAMES WEISBROT**, **WAYNE SCOTT SIMPSON**, and **STANLEY HERBERT JOHNSON** concealed and omitted material facts. In particular:

a.   **WEISBROT** concealed and failed to disclose the NASD's Decision regarding Complaint No. C10930037 and its revocation of his registration;

b.   **SIMPSON** failed to disclose his prior conviction for conspiracy to commit mail and wire fraud in connection with a telemarketing fraud scheme in *United States v. Wayne Scott Simpson, et al.*, Case No. 14-20599-CR-SJM, in the United States District Court for the Eastern District of Michigan;

c.   **JOHNSON** actively concealed his identity during this scheme by using the alias **"Arthur Watson"** during sales pitches, and failed to disclose his prior conviction in *State of Alabama v. Johnson*, Case No. CC-08-359, in the Circuit Court of Shelby County, Alabama, and the judgment entered against him in *Securities and Exchange Commission v. Stanley Johnson, et al.*, Case No. 07-01140-Civ-DOC (JTLx), in the United States District Court for the Central District of California; and

d.   **WEISBROT**, **SIMPSON**, and **JOHNSON** failed to disclose that they would be paid a commission if the person they solicited invested in LottoNet or Thunderbird.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2-8
### Mail Fraud
### (18 U.S.C. § 1341)

1.      The General Allegations section of this Indictment is hereby re-alleged and fully incorporated herein by reference.

2.      On or about the dates specified below, as to each named defendant, in Broward and Palm Beach Counties, in the Southern District of Florida, and elsewhere, the defendants,

**JOHN ALEXANDER VAN AREM,**
**a/k/a "John Alex Van Arem,"**
**a/k/a "Lex Van Arem,"**
**ANTHONY GRAEME GOLDSTEIN,**
**LYNN RICHARD HINDS,**
**a/k/a "Richard Hinds,"**
**DONOVON T. STILTNER,**
**a/k/a "Donovan Stiltner,"**
**IGOR JAMES WEISBROT,**
**a/k/a "Erik J. Weisbrod,"**
**a/k/a "James Weiss,"**
**a/k/a "James Igor Weiss," and**
**STANLEY HERBERT JOHNSON,**
**a/k/a "Arthur Watson,"**

did knowingly, and with intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing such scheme and artifice, did knowingly cause certain mail matter to be delivered by private and commercial interstate carrier, according to the directions thereon.

### PURPOSE OF THE SCHEME AND ARTIFICE

3.      It was a purpose of the scheme and artifice for the defendants and their accomplices to unjustly enrich themselves by defrauding and fraudulently obtaining money from investors by: (1) the preparation and distribution of private placement memoranda ("PPMs") and other materials

regarding the offering for sale of unregistered common stock issued by LottoNet and Thunderbird, which contained materially false and fraudulent statements and omissions regarding, among other things, the use of the investors' funds; (2) the solicitation of funds from investors through the PPMs and other materially false and fraudulent statements and omissions, including the concealment and non-disclosure of the criminal, regulatory, and disciplinary histories of **IGOR JAMES WEISBROT**, and **STANLEY HERBERT JOHNSON**; (3) the sale of unregistered securities, that is common stock issued by LottoNet and Thunderbird, to unqualified investors; and (4) the misappropriation of investors' funds for their personal use and benefit.

## THE SCHEME AND ARTIFICE

4.      The Manner and Means section of Count 1 of this Indictment is hereby re-alleged and fully incorporated herein by reference.

## USE OF PRIVATE AND COMMERCIAL INTERSTATE CARRIER

5.      On or about the dates specified in each count below, in the Southern District of Florida, and elsewhere, the defendants, as named in each count below, for the purpose of executing and in furtherance of the scheme and artifice to defraud, did knowingly cause certain mail matter to be delivered by private and commercial interstate carrier, that is Federal Express ("FedEx"), according to the directions thereon, as more particularly described below:

| COUNT | APPROX. DATES | DEFENDANTS | DESCRIPTION OF PACKAGE |
|---|---|---|---|
| 2 | 10/26/2016 – 10/27/2016 | **JOHN ALEXANDER VAN AREM, ANTHONY GRAEME GOLDSTEIN, DONOVON T. STILTNER, and IGOR JAMES WEISBROT** | Package with FedEx tracking number 7844 5441 8120, from "J.J.," in Colorado, to LottoNet Operating Corp., in Broward County, Florida; which contained payment for LottoNet stock. |

| COUNT | APPROX. DATES | DEFENDANTS | DESCRIPTION OF PACKAGE |
|---|---|---|---|
| 3 | 11/17/2016 – 11/18/2016 | **JOHN ALEXANDER VAN AREM, ANTHONY GRAEME GOLDSTEIN, DONOVON T. STILTNER, and IGOR JAMES WEISBROT** | Package with FedEx tracking number 7846 6451 8884, from "J.J.," in Colorado, to LottoNet Operating Corp., in Broward County, Florida; which contained payment for LottoNet stock. |
| 4 | 12/19/2016 – 12/20/2016 | **JOHN ALEXANDER VAN AREM, ANTHONY GRAEME GOLDSTEIN, DONOVON T. STILTNER, and IGOR JAMES WEISBROT** | Package with FedEx tracking number 7850 2773 4918, from "J.J.," in Colorado, to LottoNet Operating Corp., in Broward County, Florida; which contained payment for LottoNet stock. |
| 5 | 5/24/2017- 5/25/2017 | **JOHN ALEXANDER VAN AREM, ANTHONY GRAEME GOLDSTEIN, LYNN RICHARD HINDS, DONOVON T. STILTNER, and STANLEY HERBERT JOHNSON** | Package with FedEx tracking number 7792 1065 5631, from "F.J.," in Palm Beach County, Florida, to Thunderbird Power Corp., in Scottsdale, Arizona; which contained payment for Thunderbird stock. |
| 6 | 2/28/2018- 3/1/2018 | **JOHN ALEXANDER VAN AREM, ANTHONY GRAEME GOLDSTEIN, LYNN RICHARD HINDS, DONOVON T. STILTNER, and STANLEY HERBERT JOHNSON** | Package with FedEx tracking number 7715 8159 6499, from "F.J.," in Palm Beach County, Florida, to Thunderbird Power Corp., in Scottsdale, Arizona; which contained payment for Thunderbird stock. |
| 7 | 8/17/2018- 8/18/2018 | **JOHN ALEXANDER VAN AREM, ANTHONY GRAEME GOLDSTEIN, and LYNN RICHARD HINDS** | Package with FedEx tracking number 7730 0192 9370, from **GOLDSTEIN**, in Ontario, Canada, to "A.R.," in Palm Beach County, Florida; which contained Thunderbird subscription agreement, and FedEx label. |

19

| COUNT | APPROX. DATES | DEFENDANTS | DESCRIPTION OF PACKAGE |
|---|---|---|---|
| 8 | 8/24/2018 — 8/27/2018 | JOHN ALEXANDER VAN AREM, ANTHONY GRAEME GOLDSTEIN, and LYNN RICHARD HINDS | Package with FedEx tracking number 7908 5990 1333, from "A.R.," in Palm Beach County, Florida, to Thunderbird Power Corp., in Scottsdale, Arizona; which contained payment for Thunderbird stock. |

In violation of Title 18, United States Code, Sections 1341 and 2.

### COUNTS 9-23
### Wire Fraud
### (18 U.S.C. § 1343)

1.      The General Allegations section of this Indictment is hereby re-alleged and fully incorporated herein by reference.

2.      On or about the dates specified below, as to each named defendant, in Miami-Dade, Broward, and Palm Beach Counties, in the Southern District of Florida, and elsewhere, the defendants,

**JOHN ALEXANDER VAN AREM,**
a/k/a "John Alex Van Arem,"
a/k/a "Lex Van Arem,"
**ANTHONY GRAEME GOLDSTEIN,**
**LYNN RICHARD HINDS,**
a/k/a "Richard Hinds,"
**DONOVON T. STILTNER,**
a/k/a "Donovan Stiltner,"
**IGOR JAMES WEISBROT,**
a/k/a "Erik J. Weisbrod,"
a/k/a "James Weiss,"
a/k/a "James Igor Weiss,"
**WAYNE SCOTT SIMPSON,**
a/k/a "Scott Simpson," and
**STANLEY HERBERT JOHNSON,**
a/k/a "Arthur Watson,"

did knowingly, and with intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses,

20

representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing such scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communications in interstate commerce, certain writings, signs, signals, pictures, and sounds.

### PURPOSE OF THE SCHEME AND ARTIFICE

3.     It was a purpose of the scheme and artifice for the defendants and their accomplices to unjustly enrich themselves by defrauding and fraudulently obtaining money from investors by: (1) the preparation and distribution of private placement memoranda ("PPMs") and other materials regarding the offering for sale of unregistered common stock issued by LottoNet and Thunderbird, which contained materially false and fraudulent statements and omissions regarding, among other things, the use of the investors' funds; (2) the solicitation of funds from investors through the PPMs and other materially false and fraudulent statements and omissions, including the concealment and non-disclosure of the criminal, regulatory, and disciplinary histories of **IGOR JAMES WEISBROT, WAYNE SCOTT SIMPSON,** and **STANLEY HERBERT JOHNSON**; (3) the sale of unregistered securities, that is common stock issued by LottoNet and Thunderbird, to unqualified investors; and (4) the misappropriation of investors' funds for their personal use and benefit.

### THE SCHEME AND ARTIFICE

4.     The Manner and Means section of Count 1 of this Indictment is hereby re-alleged and fully incorporated herein by reference.

### USE OF WIRES

5.     On or about the dates specified in each count below, in the Southern District of Florida, and elsewhere, the defendants, as named in each count below, for the purpose of executing

21

and in furtherance of the aforesaid scheme and artifice to defraud, did knowingly transmit and

cause to be transmitted, by means of wire communications in interstate commerce, certain

writings, signs, signals, pictures, and sounds, as specified below:

| COUNT | APPROX. DATE | DEFENDANTS | DESCRIPTION OF WIRE |
|---|---|---|---|
| 9 | 8/10/2016 | **JOHN ALEXANDER VAN AREM, ANTHONY GRAEME GOLDSTEIN, LYNN RICHARD HINDS, DONOVON T. STILTNER, and WAYNE SCOTT SIMPSON** | Email from Morgan Solomon Brown and **SIMPSON**, in Broward County, Florida, to "C.B.," in Georgia, re: "ThunderBird Power Co: Stock Subscription Agreement/Funding." |
| 10 | 8/11/2016 | **JOHN ALEXANDER VAN AREM, ANTHONY GRAEME GOLDSTEIN, LYNN RICHARD HINDS, DONOVON T. STILTNER, and WAYNE SCOTT SIMPSON** | Email from "C.B.," in Georgia, to Morgan Solomon Brown, in Broward County, Florida, re: "Thunderbird Power Subscription Agreement." |
| 11 | 8/29/2016 | **JOHN ALEXANDER VAN AREM, ANTHONY GRAEME GOLDSTEIN, LYNN RICHARD HINDS, DONOVON T. STILTNER, and IGOR JAMES WEISBROT** | Email from BCG Research and **"Erik J. Weisbrod,"** in Broward County, Florida, to "J.J.," in Colorado, re: "Introduction to Thunderbird Power Corporation." |
| 12 | 9/7/2016 | **JOHN ALEXANDER VAN AREM, ANTHONY GRAEME GOLDSTEIN, LYNN RICHARD HINDS, DONOVON T. STILTNER, and IGOR JAMES WEISBROT** | Email from BCG Research and **"Erik J. Weisbrod,"** in Broward County, Florida, to "J.J.," in Colorado, re: "Thunderbird Power Corp PPM and Sub Docs." |
| 13 | 9/13/2016 | **JOHN ALEXANDER VAN AREM, ANTHONY GRAEME GOLDSTEIN, DONOVON T. STILTNER, and IGOR JAMES WEISBROT** | Email from BCG Research in Broward County, Florida, to "J.J.," in Colorado, re: "Information on LottoNet Operating Corp." |

| COUNT | APPROX. DATE | DEFENDANTS | DESCRIPTION OF WIRE |
|---|---|---|---|
| 14 | 10/27/2016 | JOHN ALEXANDER VAN AREM, ANTHONY GRAEME GOLDSTEIN, LYNN RICHARD HINDS, DONOVON T. STILTNER, and IGOR JAMES WEISBROT | Email from "J.J.," in Colorado, to VAN AREM, and GOLDSTEIN, in Ontario, Canada, and BCG Research, in Broward County, Florida, re: "Thunderbird and LottoNet." |
| 15 | 12/16/2016 | JOHN ALEXANDER VAN AREM, ANTHONY GRAEME GOLDSTEIN, LYNN RICHARD HINDS, DONOVON T. STILTNER, and WAYNE SCOTT SIMPSON | Email from SIMPSON, in Broward County, Florida, to "C.B.," in Georgia, re: "Thunderbird Power Corp: Stock Subscription Docs." |
| 16 | 12/19/2016 | JOHN ALEXANDER VAN AREM, ANTHONY GRAEME GOLDSTEIN, LYNN RICHARD HINDS, DONOVON T. STILTNER, and WAYNE SCOTT SIMPSON | Email from "C.B.," in Georgia, to SIMPSON, in Broward County, Florida, re: "Thunderbird Power Corp: Stock Subscription Docs." |
| 17 | 2/3/2017 | JOHN ALEXANDER VAN AREM, ANTHONY GRAEME GOLDSTEIN, LYNN RICHARD HINDS, DONOVON T. STILTNER, and IGOR JAMES WEISBROT | Email from GOLDSTEIN, in Ontario, Canada, to "R.S.," in Duval County, Florida, and BCG Research, in Broward County, Florida, re: "Thunderbird Power Fedex Label." |
| 18 | 2/15/2017 | JOHN ALEXANDER VAN AREM, ANTHONY GRAEME GOLDSTEIN, LYNN RICHARD HINDS, DONOVON T. STILTNER, and WAYNE SCOTT SIMPSON | Email from SIMPSON, in Broward County, Florida, to "C.B.," in Georgia, re: "Thunderbird Power Sub Docs." |
| 19 | 5/18/2017 | JOHN ALEXANDER VAN AREM, ANTHONY GRAEME GOLDSTEIN, LYNN RICHARD HINDS, DONOVON T. STILTNER, and WAYNE SCOTT SIMPSON | Email from "C.B.," in Georgia, to SIMPSON, in Broward County, Florida, re: "Subscription Agreement and Purchaser Questionnaire." |

| COUNT | APPROX. DATE | DEFENDANTS | DESCRIPTION OF WIRE |
|---|---|---|---|
| 20 | 5/23/2017 | **JOHN ALEXANDER VAN AREM, ANTHONY GRAEME GOLDSTEIN, LYNN RICHARD HINDS, DONOVON T. STILTNER, and STANLEY HERBERT JOHNSON** | Telephone call from **"Arthur Watson,"** at telephone number (949) 637-3091 in California, to "F.J." at telephone number ending in 3627, in Palm Beach County, Florida. |
| 21 | 3/19/2018 | **JOHN ALEXANDER VAN AREM, ANTHONY GRAEME GOLDSTEIN, and LYNN RICHARD HINDS** | Wire-transfer of approximately $5,100 from "R.M.'"s USAA Federal Savings Bank account ending in 4333, in Miami-Dade County, Florida, to Thunderbird's Wells Fargo Bank account ending in 2681, in Arizona. |
| 22 | 3/20/2018 | **JOHN ALEXANDER VAN AREM, ANTHONY GRAEME GOLDSTEIN, and LYNN RICHARD HINDS** | Email from **GOLDSTEIN**, in Ontario, Canada, to "R.M." in Miami-Dade County, Florida, re: "Investment in Thunderbird Power,". |
| 23 | 4/23/2018 | **JOHN ALEXANDER VAN AREM, ANTHONY GRAEME GOLDSTEIN, and LYNN RICHARD HINDS** | Wire-transfer of approximately $3,000 from "R.M.'"s USAA Federal Savings Bank account ending in 8698, in Miami-Dade County, Florida, to Thunderbird's Wells Fargo Bank account ending in 2681, in Arizona. |

In violation of Title 18, United States Code, Sections 1343 and 2.

<u>**COUNTS 24-26**</u>
**Securities Fraud**
**(15 U.S.C. §§ 77q(a) and 77x, and 18 U.S.C. § 2)**

1.      The General Allegations section of this Indictment, and the Manner and Means section of Count 1 of this Indictment, are hereby re-alleged and fully incorporated herein by reference.

2.    On or about the dates specified below, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**JOHN ALEXANDER VAN AREM,**
a/k/a "John Alex Van Arem,"
a/k/a "Lex Van Arem,"
**ANTHONY GRAEME GOLDSTEIN,**
**DONOVON T. STILTNER,**
a/k/a "Donavan Stiltner," and
**IGOR JAMES WEISBROT,**
a/k/a "Erik J. Weisbrod,"
a/k/a "James Weiss,"
a/k/a "James Igor Weiss,"

did willfully and knowingly, in the offer and sale of securities, that is, common stock issued by LottoNet Operating Corp., by the use of means and instruments of transportation and communication in interstate commerce, and by the use of the mails, directly and indirectly: (a) employ a device, scheme, and artifice to defraud; (b) obtain money and property by means of untrue statements of material fact and omissions of material facts necessary to make statements made, in light of the circumstances under which they were made, not misleading; and (c) engage in acts, practices and courses of business which would and did operate as a fraud and deceit upon the purchaser of those securities, as listed below in each count:

| COUNT | APPROX. DATE | SECURITIES TRANSACTION |
|---|---|---|
| 24 | 10/27/2016 | Sale of approximately 200 shares of LottoNet common stock to investor "J.J.," for approximately $25,000, with purchase money sent by FedEx from J.J. in Colorado, to LottoNet in Broward County, Florida. |
| 25 | 11/18/2016 | Sale of approximately 200 shares of LottoNet common stock to investor "J.J.," for approximately $25,000, with purchase money sent by FedEx from J.J. in Colorado, to LottoNet in Broward County, Florida. |
| 26 | 12/20/2016 | Sale of approximately 400 shares of LottoNet common stock to investor "J.J.," for approximately $50,000, with purchase money sent by FedEx from J.J. in Colorado, to LottoNet in Broward County, Florida |

In violation of Title 15, United States Code, Sections 77q(a) and 77x, and Title 18, United States Code, Section 2.

**COUNTS 27-28**
**Securities Fraud**
**(15 U.S.C. §§ 77q(a) and 77x, and 18 U.S.C. § 2)**

1.      The General Allegations section of this Indictment, and the Manner and Means section of Count 1 of this Indictment, are hereby re-alleged and fully incorporated herein by reference.

2.      On or about the dates specified below, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**JOHN ALEXANDER VAN AREM,**
**a/k/a "Lex Van Arem,"**
**ANTHONY GRAEME GOLDSTEIN,**
**LYNN RICHARD HINDS,**
**a/k/a "Richard Hinds,"**
**DONOVON T. STILTNER,**
**a/k/a "Donovan Stiltner," and**
**IGOR JAMES WEISBROT,**
**a/k/a "Erik J. Weisbrod,"**
**a/k/a "James Weiss,"**
**a/k/a "James Igor Weiss,"**

did willfully and knowingly, in the offer and sale of securities, that is, common stock issued by Thunderbird Power Corp., by the use of means and instruments of transportation and communication in interstate commerce, and by the use of the mails, directly and indirectly: (a) employ a device, scheme, and artifice to defraud; (b) obtain money and property by means of untrue statements of material fact and omissions of material facts necessary to make statements made, in light of the circumstances under which they were made, not misleading; and (c) engage in acts, practices and courses of business which would and did operate as a fraud and deceit upon the purchaser of those securities, as listed below in each count:

| COUNT | APPROX. DATE | SECURITIES TRANSACTION |
|-------|--------------|------------------------|
| 27 | 2/7/2017 | Sale of approximately 1,000 shares of Thunderbird common stock to investor "R.S.," for approximately $3,000, with purchase money sent by FedEx from R.S. in Duval County, Florida, to Thunderbird in Arizona. |
| 28 | 3/15/2017 | Sale of approximately 4,000 shares of Thunderbird common stock to investor "R.S.," for approximately $12,000, with purchase money sent by FedEx from R.S. in Duval County, Florida, to Thunderbird in Arizona. |

In violation of Title 15, United States Code, Sections 77q(a) and 77x, and Title 18, United States Code, Section 2.

### COUNTS 29-33
### Securities Fraud
### (15 U.S.C. §§ 77q(a) and 77x, and 18 U.S.C. § 2)

1.      The General Allegations section of this Indictment, and the Manner and Means section of Count 1 of this Indictment, are hereby re-alleged and fully incorporated herein by reference.

2.      On or about the dates specified below, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**JOHN ALEXANDER VAN AREM,**
a/k/a "John Alex Van Arem,"
a/k/a "Lex Van Arem,"
**ANTHONY GRAEME GOLDSTEIN,**
**LYNN RICHARD HINDS,**
a/k/a "Richard Hinds,"
**DONOVON T. STILTNER,**
a/k/a "Donovan Stiltner," and
**WAYNE SCOTT SIMPSON,**
a/k/a "Scott Simpson,"

did willfully and knowingly, in the offer and sale of securities, that is, common stock issued by Thunderbird Power Corp., by the use of means and instruments of transportation and communication in interstate commerce, and by the use of the mails, directly and indirectly: (a) employ a device, scheme, and artifice to defraud; (b) obtain money and property by means of

27

untrue statements of material fact and omissions of material facts necessary to make statements made, in light of the circumstances under which they were made, not misleading; and (c) engage in acts, practices and courses of business which would and did operate as a fraud and deceit upon the purchaser of those securities, as listed below in each count:

| COUNT | APPROX. DATE | SECURITIES TRANSACTION |
|-------|--------------|------------------------|
| 29 | 8/11/2016 | Sale of approximately 5,000 shares of Thunderbird common stock to investor "B & Co.," for approximately $15,000, with purchase money wire-transferred from B & Co.'s Bank of America account in Georgia, to Thunderbird's Wells Fargo Bank account no. 2681 in Arizona. |
| 30 | 12/19/2016 | Sale of approximately 6,050 shares of Thunderbird common stock to investor "B & Co.," for approximately $15,000, with purchase money wire-transferred from B & Co.'s Bank of America account in Georgia, to Thunderbird's Wells Fargo Bank account no. 2681 in Arizona. |
| 31 | 2/16/2017 | Sale of approximately 5,500 shares of Thunderbird common stock to investor "B & Co.," for approximately $15,000, with purchase money wire-transferred from B & Co.'s Bank of America account in Georgia, to Thunderbird's Wells Fargo Bank account no. 2681 in Arizona. |
| 32 | 5/18/2017 | Sale of approximately 2,750 shares of Thunderbird common stock to investor "B & Co.," for approximately $7,500, with purchase money wire-transferred from B & Co.'s Bank of America account in Georgia, to Thunderbird's Wells Fargo Bank account no. 2681 in Arizona. |
| 33 | 6/16/2017 | Sale of approximately 11,000 shares of Thunderbird common stock to investor "B & Co.," for approximately $30,000, with purchase money wire-transferred from B & Co.'s Bank of America account in Georgia, to Thunderbird's Wells Fargo Bank account no. 2681 in Arizona. |

In violation of Title 15, United States Code, Sections 77q(a) and 77x, and Title 18, United States Code, Section 2.

**COUNTS 34-35**
**Securities Fraud**
**(15 U.S.C. §§ 77q(a) and 77x; and 18 U.S.C. § 2)**

1.     The General Allegations section of this Indictment, and the Manner and Means section of Count 1 of this Indictment, are hereby re-alleged and fully incorporated herein by reference.

2.     On or about the dates specified below, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**JOHN ALEXANDER VAN AREM,**
**a/k/a "John Alex Van Arem,"**
**a/k/a "Lex Van Arem,"**
**ANTHONY GRAEME GOLDSTEIN,**
**LYNN RICHARD HINDS,**
**a/k/a "Richard Hinds,"**
**DONOVON T. STILTNER,**
**a/k/a "Donovan Stiltner," and**
**STANLEY HERBERT JOHNSON,**
**a/k/a "Arthur Watson,"**

did willfully and knowingly, in the offer and sale of securities, that is, common stock issued by Thunderbird Power Corp., by the use of means and instruments of transportation and communication in interstate commerce, and by the use of the mails, directly and indirectly: (a) employ a device, scheme, and artifice to defraud; (b) obtain money and property by means of untrue statements of material fact and omissions of material facts necessary to make statements made, in light of the circumstances under which they were made, not misleading; and (c) engage in acts, practices and courses of business which would and did operate as a fraud and deceit upon the purchaser of those securities, as listed below in each count:

29

| COUNT | APPROX. DATE | SECURITIES TRANSACTION |
|---|---|---|
| 34 | 5/25/2017 | Sale of approximately 8,333 shares of Thunderbird common stock to investor "F.J.," for approximately $25,000, with purchase money sent by FedEx, from F.J., in Palm Beach County, Florida, to Thunderbird, in Arizona. |
| 35 | 3/1/2018 | Sale of approximately 3,334 shares of Thunderbird common stock to investor "F.J.," for approximately $10,000, with purchase money sent by FedEx, from F.J., in Palm Beach County, Florida, to Thunderbird, in Arizona. |

In violation of Title 15, United States Code, Sections 77q(a) and 77x, and Title 18, United States Code, Section 2.

## COUNT 36
### Money Laundering Conspiracy
### (18 U.S.C. § 1956(h))

1.      The General Allegations section of this Indictment is hereby re-alleged and fully incorporated herein by reference.

2.      From in or around August 2016, and continuing through in or around March 2019, the exact dates being unknown to the Grand Jury, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**JOHN ALEXANDER VAN AREM,**
a/k/a "John Alex Van Arem,"
a/k/a "Lex Van Arem,"
**ANTHONY GRAEME GOLDSTEIN,**
**LYNN RICHARD HINDS,**
a/k/a "Richard Hinds,"
**DONOVON T. STILTNER,**
a/k/a "Donovan Stiltner,"
**IGOR JAMES WEISBROT,**
a/k/a "Erik J. Weisbrod,"
a/k/a "James Weiss,"
a/k/a "James Igor Weiss,"
**WAYNE SCOTT SIMPSON,**
a/k/a "Scott Simpson," and
**STANLEY HERBERT JOHNSON,**
a/k/a "Arthur Watson,"

did knowingly and voluntarily combine, conspire, confederate, and agree with each other and other persons known and unknown to the Grand Jury, to conduct a financial transaction affecting interstate and foreign commerce, and involving the use of a financial institution the activities of which affected interstate and foreign commerce, which financial transaction involved the proceeds of a specified unlawful activity, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that such financial transaction was designed, in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

It is further alleged that the specified unlawful activity is mail fraud, in violation of Title 18, United States Code, Section 1341, and wire fraud, in violation of Title 18, United States Code, Section 1343.

All in violation of Title 18, United States Code, Section 1956(h).

### COUNTS 37-44
### Money Laundering
### (18 U.S.C. § 1956(a)(1)(B)(i))

1.     The General Allegations section of this Indictment is hereby re-alleged and fully incorporated herein by reference.

2.     On or about the dates specified in each count below, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**JOHN ALEXANDER VAN AREM,**
a/k/a "John Alex Van Arem,"
a/k/a "Lex Van Arem,"
**IGOR JAMES WEISBROT,**
a/k/a "Erik J. Weisbrod,"
a/k/a "James Weiss,"
a/k/a "James Igor Weiss," and
**WAYNE SCOTT SIMPSON,**

a/k/a "Scott Simpson,"

as named in each count below, did knowingly conduct and attempt to conduct a financial

transaction affecting interstate and foreign commerce, and involving the use of a financial

institution the activities of which affected interstate and foreign commerce, which financial

transaction involved the proceeds of a specified unlawful activity, knowing that the property

involved in the financial transaction represented the proceeds of some form of unlawful activity,

and knowing that such financial transaction was designed in whole and in part to conceal and

disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful

activity, as more particularly described in each count below:

| COUNT | APPROX. DATE | DEFENDANTS | FINANCIAL TRANSACTION |
|---|---|---|---|
| 37 | 8/12/2016 | JOHN ALEXANDER VAN AREM and WAYNE SCOTT SIMPSON | Wire-transfer of approximately $3,000, from Beacon Digital Solutions' Wells Fargo Bank account no. 3241, to Regions Bank account ending in 8898, in the name of "M.S," in Broward County, Florida. |
| 38 | 10/28/2016 | JOHN ALEXANDER VAN AREM and IGOR JAMES WEISBROT | Wire-transfer of approximately $2,475, from Beacon Digital Solutions' Wells Fargo Bank account no. 3241, to Bacchus Capital Group's Regions Bank account no. 2960, in Broward County, Florida. |

| COUNT | APPROX. DATE | DEFENDANTS | FINANCIAL TRANSACTION |
|---|---|---|---|
| 39 | 12/22/2016 | **JOHN ALEXANDER VAN AREM and WAYNE SCOTT SIMPSON** | Wire-transfer of approximately $4,500 from Beacon Digital Solutions' Wells Fargo Bank account no. 3241, to Palm Beach Property Partners' Regions Bank account no. 6495, in Broward County, Florida. |
| 40 | 12/23/2016 | **JOHN ALEXANDER VAN AREM and WAYNE SCOTT SIMPSON** | Wire-transfer of approximately $4,950 from Beacon Digital Solutions' Wells Fargo Bank account no. 3241, to Palm Beach Property Partners' Regions Bank account no. 6495, in Broward County, Florida. |
| 41 | 2/10/2017 | **JOHN ALEXANDER VAN AREM and IGOR JAMES WEISBROT** | Wire-transfer of approximately $2,400, from Beacon Digital Solutions' Wells Fargo Bank account no. 3241, to Bacchus Capital Group's Regions Bank account no. 2960, in Broward County, Florida. |
| 42 | 3/22/2017 | **JOHN ALEXANDER VAN AREM and IGOR JAMES WEISBROT** | Wire-transfer of approximately $4,800, from Beacon Digital Solutions' Wells Fargo Bank account no. 3241, to Bacchus Capital Group's Regions Bank account no. 2960, in Broward County, Florida. |

| COUNT | APPROX. DATE | DEFENDANTS | FINANCIAL TRANSACTION |
|---|---|---|---|
| 43 | 5/19/2017 | **JOHN ALEXANDER VAN AREM and WAYNE SCOTT SIMPSON** | Wire-transfer of approximately $2,250 from Beacon Digital Solutions' Wells Fargo Bank account no. 3241, to Realty Data Services' JPMorgan Chase Bank account no. 7573, in Broward County, Florida. |
| 44 | 6/16/2017 | **JOHN ALEXANDER VAN AREM and WAYNE SCOTT SIMPSON** | Wire-transfer of approximately $4,500 from Beacon Digital Solutions' Wells Fargo Bank account no. 3241, to Realty Data Services' JPMorgan Chase Bank account no. 7573, in Broward County, Florida. |

It is further alleged that the specified unlawful activity is mail fraud, in violation of Title 18, United States Code, Section 1341, and wire fraud, in violation of Title 18, United States Code, Section 1343.

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## FORFEITURE ALLEGATIONS

1.      The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging criminal forfeiture to the United States of America of certain property in which the defendants, **JOHN ALEXANDER VAN AREM, ANTHONY GRAEME GOLDSTEIN, LYNN RICHARD HINDS, DONOVON T. STILTNER, IGOR JAMES WEISBROT, WAYNE SCOTT SIMPSON,** and **STANLEY HERBERT JOHNSON,** have an interest.

2.      Upon conviction of a violation, or conspiracy to commit a violation, of Title 18, United States Code, Sections 1341 or 1343, as alleged in this Indictment, the defendant so

convicted shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3.        Upon conviction of a violation of Title 18, United States Code, Section 1956, as alleged in this Indictment, the defendant so convicted shall forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), and the procedures set forth in Title 21, United States Code, Section 853, incorporated by Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

FOREPERSON

_____
JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

_____
DWAYNE EDWARD WILLIAMS
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA                    CASE NO._____

v.

JOHN ALEXANDER VAN AREM, et al.             **CERTIFICATE OF TRIAL ATTORNEY\***
                                            **Superseding Case Information:**

_____Defendants/_

**Court Division:** (Select One)            New defendant(s)  ☐ Yes  ☐ No
☑ Miami  ☐ Key West  ☐ FTL                 Number of new defendants _____
☐ WPB  ☐ FTP                               Total number of counts _____

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No) **No** _____

   List language and/or dialect _____

4. This case will take __15__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   |     | (Check only one)  |     |     | (Check only one) |     |
   |-----|-------------------|-----|-----|------------------|-----|
   | I   | 0 to 5 days       | ☐   |     | Petty            | ☐   |
   | II  | 6 to 10 days      | ☐   |     | Minor            | ☐   |
   | III | 11 to 20 days     | ☑   |     | Misdemeanor      | ☐   |
   | IV  | 21 to 60 days     | ☐   |     | Felony           | ☑   |
   | V   | 61 days and over  | ☐   |     |                  |     |

6. Has this case previously been filed in this District Court? (Yes or No) **No** _____

   If yes: Judge _____ Case No. _____

   (Attach copy of dispositive order)

   Has a complaint been filed in this matter? (Yes or No) **No** _____

   If yes: Magistrate Case No. _____

   Related miscellaneous numbers: _____

   Defendant(s) in federal custody as of _____

   Defendant(s) in state custody as of _____

   Rule 20 from the District of _____

   Is this a potential death penalty case? (Yes or No) **No** _____

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)? (Yes or No) **No** _____

8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) **No** _____

9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)? (Yes or No) **No** _____

_____
Dwayne E. Williams
Assistant United States Attorney
FLA Bar No.    0125199

*Penalty Sheet(s) attached                                          REV 3/19/21

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:   JOHN ALEXANDER VAN AREM, a/k/a "John Alex Van Arem," a/k/a "Lex Van Arem"**

**Case No:** _____

Count #: 1

Conspiracy to Commit Mail Fraud and Wire Fraud

Title 18, United States Code, Section 1349

**\*Min./Max. Penalties:** 20 years of Imprisonment

Counts #: 2 - 8

Mail Fraud

Title 18, United States Code, Section 1341

**\*Min./Max. Penalties:** 20 years of Imprisonment

Counts #: 9 - 23

Wire Fraud

Title 18, United States Code, Section 1343

**\*Min./Max. Penalties:** 20 years of Imprisonment

Counts #: 24 - 35

Securities Fraud

Title 15, United States Code, Sections 77q(a) and 77x, and 18 United States Code, Section 2

**\*Min./Max. Penalties:**   5 years of Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

Count #: 36

Money Laundering Conspiracy

Title 18, United States Code, Section 1956(h)

**\*Min./Max. Penalties:** 20 years of Imprisonment

Counts #: 37 - 44

Money Laundering

Title 18, United States Code, Section 1956(a)(1)(B)(i)

**\*Min./Max. Penalties:** 20 years of Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution,
special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:  ANTHONY GRAEME GOLDSTEIN**

**Case No:**

Count #: 1

Conspiracy to Commit Mail Fraud and Wire Fraud

Title 18, United States Code, Section 1349

**\*Min./Max. Penalties:** 20 years of Imprisonment

Counts #: 2 - 8

Mail Fraud

Title 18, United States Code, Section 1341

**\*Min./Max. Penalties:** 20 years of Imprisonment

Counts #: 9 - 23

Wire Fraud

Title 18, United States Code, Section 1343

**\*Min./Max. Penalties:** 20 years of Imprisonment

Counts #: 24 - 35

Securities Fraud

Title 15, United States Code, Sections 77q(a) and 77x, and 18 United States Code, Section 2

**\*Min./Max. Penalties:**   5 years of Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution,
special assessments, parole terms, or forfeitures that may be applicable.**

Count #: 36

Money Laundering Conspiracy

Title 18, United States Code, Section 1956(h)

**\*Min./Max. Penalties:** 20 years of Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution,
special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:**   **LYNN RICHARD HINDS, a/k/a "Richard Hinds"**

**Case No:**

Count #: 1

Conspiracy to Commit Mail Fraud and Wire Fraud

Title 18, United States Code, Section 1349

**\*Min./Max. Penalties:** 20 years of Imprisonment

Counts #: 5 - 8

Mail Fraud

Title 18, United States Code, Section 1341

**\*Min./Max. Penalties:** 20 years of Imprisonment

Counts #: 9 -12, 14 - 23

Wire Fraud

Title 18, United States Code, Section 1343

**\*Min./Max. Penalties:** 20 years of Imprisonment

Counts #: 27 - 35

Securities Fraud

Title 15, United States Code, Sections 77q(a) and 77x, and 18 United States Code, Section 2

**\*Min./Max. Penalties:**   5 years of Imprisonment


**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

Count #: 36

Money Laundering Conspiracy

Title 18, United States Code, Section 1956(h)

**Min./Max. Penalties:** 20 years of Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:**   DONOVON T. STILTNER, a/k/a "Donovan Stiltner"

**Case No:** _____

Count #: 1

Conspiracy to Commit Mail Fraud and Wire Fraud

Title 18, United States Code, Section 1349

**\*Min./Max. Penalties:** 20 years of Imprisonment

Counts #: 2 - 6

Mail Fraud

Title 18, United States Code, Section 1341

**\*Min./Max. Penalties:** 20 years of Imprisonment

Counts #: 9 - 20

Wire Fraud

Title 18, United States Code, Section 1343

**\*Min./Max. Penalties:** 20 years of Imprisonment

Counts #: 24 - 35

Securities Fraud

Title 15, United States Code, Sections 77q(a) and 77x, and 18 United States Code, Section 2

**\*Min./Max. Penalties:**   5 years of Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

Count #: 36

Money Laundering Conspiracy

Title 18, United States Code, Section 1956(h)

**\*Min./Max. Penalties:** 20 years of Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:   IGOR JAMES WEISBROT, a/k/a "Erik J. Weisbrod,"**
**a/k/a "James Weiss," a/k/a "James Igor Weiss"**

**Case No:** _____

**Count #: 1**

Conspiracy to Commit Mail Fraud and Wire Fraud

Title 18, United States Code, Section 1349

**\*Min./Max. Penalties:** 20 years of Imprisonment

**Counts #: 2 - 4**

Mail Fraud

Title 18, United States Code, Section 1341

**\*Min./Max. Penalties:** 20 years of Imprisonment

**Counts #: 11 – 14, 17**

Wire Fraud

Title 18, United States Code, Section 1343

**\*Min./Max. Penalties:** 20 years of Imprisonment

**Counts #: 24 - 28**

Securities Fraud

Title 15, United States Code, Sections 77q(a) and 77x, and 18 United States Code, Section 2

**\*Min./Max. Penalties:**   5 years of Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

Count #: 36

Money Laundering Conspiracy

Title 18, United States Code, Section 1956(h)

**\*Min./Max. Penalties:** 20 years of Imprisonment

Counts #: 38, 41, 42

Money Laundering

Title 18, United States Code, Section 1956(a)(1)(B)(i)

**\*Min./Max. Penalties:** 20 years of Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:   WAYNE SCOTT SIMPSON, a/k/a "Scott Simpson"**

**Case No:**

Count #: 1

Conspiracy to Commit Mail Fraud and Wire Fraud

Title 18, United States Code, Section 1349

**\*Min./Max. Penalties:** 20 years of Imprisonment

Counts #: 9, 10, 15, 16, 18, 19

Wire Fraud

Title 18, United States Code, Section 1343

**\*Min./Max. Penalties:** 20 years of Imprisonment

Counts #: 29 - 33

Securities Fraud

Title 15, United States Code, Sections 77q(a) and 77x, and 18 United States Code, Section 2

**\*Min./Max. Penalties:**   5 years of Imprisonment

Count #: 36

Money Laundering Conspiracy

Title 18, United States Code, Section 1956(h)

**\*Min./Max. Penalties:**   20 years of Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:**   **STANLEY HERBERT JOHNSON, a/k/a "Arthur Watson"**

**Case No:**

Count #: 1

Conspiracy to Commit Mail Fraud and Wire Fraud

Title 18, United States Code, Section 1349

**\*Min./Max. Penalties:** 20 years of Imprisonment

Counts #: 5, 6

Mail Fraud

Title 18, United States Code, Section 1341

**\*Min./Max. Penalties:** 20 years of Imprisonment

Count #: 20

Wire Fraud

Title 18, United States Code, Section 1343

**\*Min./Max. Penalties:** 20 years of Imprisonment

Counts #: 34 - 35

Securities Fraud

Title 15, United States Code, Sections 77q(a) and 77x, and 18 United States Code, Section 2

**\*Min./Max. Penalties:**   5 years of Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution,
special assessments, parole terms, or forfeitures that may be applicable.**

Count #: 36

Money Laundering Conspiracy

Title 18, United States Code, Section 1956(h)

**\*Min./Max. Penalties:** 20 years of Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**